UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2019 JUL -2 PM 12: 31

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )  Cause No. |
| MAHDE DANNON, AND | ) |
| MOYAD DANNON, | ) |
| | )  **1 : 1 9** -cr- **0 2 2 9** RLY–*DML* |
| *Defendants*. | ) |

## **I N D I C T M E N T**

### COUNT 1

The Grand Jury charges that:

On or about June 16, 2018, in Marion County, Indiana, within the Southern District of

Indiana, the defendant,

### MAHDE DANNON,

who was then knowingly under an indictment for a crime punishable by imprisonment for a term

exceeding one year, including: Theft, class D felony, in Lake County Superior Court, did

willfully ship and transport in interstate commerce any firearm and ammunition, including, a

Mini Draco 7.62 x 39 millimeter handgun;

All in violation of Title 18, United States Code, Section 922(n).

## COUNT 2

The Grand Jury further charges that:

On or about June 16, 2018, in Marion County, Indiana, within the Southern District of

Indiana, the defendant,

### MAHDE DANNON,

did knowingly transfer a firearm and ammunition, including, a Mini Draco 7.62 x 39 millimeter

handgun, to an individual, knowing and having reasonable cause to believe that said individual

had been convicted of a crime punishable by imprisonment for a term exceeding one year;

All in violation of Title 18, United States Code, Section 922(d).


## COUNT 3

The Grand Jury further charges that:

On or about July 24, 2018, in Hamilton County, Indiana, within the Southern District of

Indiana, the defendants,

### MAHDE DANNON, and
### MOYAD DANNON,

did knowingly transfer a firearm and ammunition, including, a Springfield Armory, M1, .30

caliber rifle, bearing serial number 5471688, to an individual, knowing and having reasonable

cause to believe that said individual had been convicted of a crime punishable by imprisonment

for a term exceeding one year;

All in violation of Title 18, United States Code, Section 922(d).

COUNT 4

The Grand Jury further charges that:

On or about July 24, 2018, in Hamilton County, Indiana, within the Southern District of

Indiana, the defendants,

MAHDE DANNON, and
MOYAD DANNON,

knowingly possessed, concealed, bartered, sold, and disposed of a stolen firearm, including, a

Springfield Armory, M1, .30 caliber rifle, bearing serial number 5471688, which had been

shipped and transported in interstate or foreign commerce, knowing and having reasonable cause

to believe the firearm was stolen;

All in violation of Title 18, United States Code, Section 922(j).

COUNT 5

From on or about September 6, 2018, through and including May 15, 2019, in Marion

County, within the Southern District of Indiana, the defendants,

MAHDE DANNON, and
MOYAD DANNON,

not being a licensed manufacturer and dealer of firearms within the meaning of Chapter 44, Title

18, United States Code, did willfully engage in the business of manufacturing and dealing in

firearms;

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

## COUNT 6

The Grand Jury further charges that:

On or about February 5, 2019, in Marion County, Indiana, within the Southern

District of Indiana, the defendants,

MAHDE DANNON, and
MOYAD DANNON,

did knowingly make a firearm, including, a fully-automatic, .223 caliber rifle, which is a

machinegun as that term is defined in Title 26, United States Code, Section 5845(a)(6), (b);

All in violation of Title 26, United States Code, Section 5861(f).

## COUNT 7

The Grand Jury further charges that:

On or about May 15, 2019, in Marion County, Indiana, within the Southern District

of Indiana, the defendants,

MAHDE DANNON, and
MOYAD DANNON,

did knowingly make a firearm, including, a fully-automatic, .223 caliber rifle, which is a

machinegun as that term is defined in Title 26, United States Code, Section 5845(a)(6), (b);

All in violation of Title 26, United States Code, Section 5861(f).

4

## COUNT 8

The Grand Jury further charges that:

On or about May 15, 2019, in Marion County, within the Southern District of Indiana, the defendants

MAHDE DANNON, and
MOYAD DANNON,

did knowingly attempt to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including property, weapons, and services, including: fully automatic, .223 caliber rifles, to a foreign terrorist organization, namely, the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6), that ISIS engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIS engages in and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989);

All in violation of Title 18, United States Code, Sections 2 and 2339B(a)(1).

## FORFEITURE ALLEGATION

1. The United States hereby gives notice to MAHDE DANNON and MOYAD DANNON, the defendants charged in Counts 1 through 8 of this Indictment that, upon their conviction of such offense, the government will seek forfeiture pursuant to either:

    a. Title 18, United States Code, Sections 924 and 981(a)(1)(G), and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real or personal, constituting or derived from proceeds traceable to such offense; and/or

b. Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic:

i. of any individual, entity, or organization engaged in planning or perpetrating any federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

ii. acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

iii. derived from, involved in, or used or intended to be used to commit any federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or

iv. of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign government.

2. The violation of Title 18, United States Code, Section 2339B alleged in Count Eight of this Indictment is a federal crime of terrorism, as defined in Title 18, United States Code, Section 2332b(g)(5), against the United States, citizens and residents of the United States and their property.

3. If any of the above-described forfeitable property, as a result of any act or omission of MAHDE DANNON and MOYAD DANNON, the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

6

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or has been commingled with other

property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C) and (G); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c)).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By:

Matthew J. Rinka
Assistant United States Attorney
Deputy Criminal Chief, National Security Unit

7