**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | CAUSE NO.   1:19-cr-00229-RLY-DML |
| MAHDE DANNON, and | ) ) | -01 |
| MOYAD DANNON, | ) ) | -02 |
| *Defendants*. | ) | |

**UNOPPOSED MOTION TO DECLARE CASE COMPLEX**
**AND CONTINUE TRIAL DATE**

The United States of America, by and through its counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Matthew J. Rinka, Assistant United States Attorney, respectfully moves pursuant to 18 U.S.C. § 3161(h)(7) – in particular § 3161(h)(7)(B)(ii) (unusual and complex cases) – to declare the case complex and continue the trial date for a reasonable time to allow for effective preparation for trial and for the filing of any pretrial motions, and in support thereof states as follows:

**BACKGROUND**

1. On May 15, 2019, the defendants Mahde and Moyad Dannon ("defendants") were arrested on a criminal complaint charging them with violation various provisions of the federal criminal code, including 18 U.S.C. § 922 and 26 U.S.C. § 5861.   Dkt. 2.

2. Following a detention hearing on May 23, 2019, the defendants were ordered detained pending trial in this matter.   Dkts. 15, 19, 20.

3. On July 2, 2019, a federal grand jury returned an eight count Indictment charging the defendants with certain firearms offenses and attempting to provide material support to ISIS, a designated foreign terrorist organization.   Dkt. 28.

4. On July 11, 2019, the Court entered its standard Discovery Order and set trial for this matter to commence on September 16, 2019. Dkt. 42.

5. That same day, defendants made their initial appearance and were arraigned on the charges in the Indictment. Dkt. 43.

## DISCOVERY

6. The charges in this case are the result of an intense, approximately eighteen (18) month investigation by the Federal Bureau of Investigation ("FBI"). The criminal complaint (Dkt. 2) describing the investigation and the defendants criminal activity runs more than 50 pages. Together the criminal complaint and the indictment allege, *inter alia*, that for more than a year the defendants individually and collectively obtained, manufactured, and provided firearms, including fully-automatic weapons, to prohibited persons, and that they conspired and attempted to provide material support to a foreign terrorist organization.

7. Discovery in this matter is voluminous and includes banking and/or business records of multiple entities, email and text messaging data, evidence seized during execution of search warrants, law enforcement reports, and approximately 150 hours of audio and video recordings that may require pixilation, modulation, and or translation from Arabic, prior to release to defense counsel. Additionally, multiple electronic devices were seized during the course of the investigation that will require forensic analysis.

8. At defendants' initial appearance on the indictment, counsel for the government advised the magistrate judge that discovery in this matter consisted of materials that are currently classified, and special procedures would be necessary to allow defense council to review those materials. Finally, counsel for the government also made the magistrate judge aware that the government had expended considerable effort, prior to presenting this matter to the grand jury, in

preparing a preview of discovery which the government shared, separately, with both defendants and their lawyers.

9. The government is in the process of compiling a detailed inventory of discovery, and defense counsel will require considerable time to review this discovery adequately in preparation for the filing of pretrial motions and for trial.

10. Additionally, due to the nature of the charges and the expected evidence in this case, the government anticipates that issues relating to classified information will arise. Thus, pretrial motions in this matter are anticipated to raise complex issues, including issues implicating the Classified Information Procedures Act ("CIPA"), codified at 18 U.S.C. App. III, and will require substantial time to prepare.

## **COMPLEX CASE**

11. Generally speaking, the Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.*, requires that defendants be brought to trial within "seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act contemplates, however, that not every criminal case will be completed within the seventy days provided by the Act and expressly sets out "periods of delay" that are excluded from that seventy-day time frame. 18 U.S.C. § 3161(h). Among these exclusions, the Court may grant an "ends of justice" continuance when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for

the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

12.     The United States respectfully submits that the facts and circumstances of this case support a finding by the Court that this matter is complex. These factors include:

    a.     The charges in this case relate to a lengthy scheme to manufacture and supply firearms to prohibited persons, and to provide material support to a foreign terrorist organization.

    b.     As a result of the government's investigation, the United States anticipates needing a substantial period of time to prepare, copy, and/or make available for inspection voluminous recordings of the defendants engaged in the charged offenses, as well as voluminous materials seized during forensic searches of defendants' electronic devices.

    c.     A great deal of the material subject to discovery in this matter remains classified, and special procedures are required to declassify those materials and/or make those materials available for inspection/review by the defense in a secure environment.

    d.     Adequate pretrial preparation will lead to a more streamlined and efficient trial, thus advancing the interest of judicial economy.

13.     For the reasons set forth above, the United States respectfully requests the Court to declare the present case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

## **DISCOVERY SCHEDULE**

14.     The government estimates preparing and disclosure of discovery materials in this matter will be an on-going process that will require significant time to complete.

15.     In light of the above, the government proposes the following preliminary schedule for Rule 16 discovery: (i) the government will provide an index of discovery material to defense counsel by August 30, 2019, after which discovery material would be made available for

inspection and copying; (iii) to the extent feasible, the government begin making available electronic copies of discovery material within approximately two weeks after the index is produced; and (iv) consistent with its obligations under Rule 16, the government would promptly notify and make available to defense counsel additional Rule 16 discovery material as it becomes available. In the meantime, the government will file the necessary pleadings to facilitate security clearance of defense counsel, as needed.

16. Finally, in addition to providing an index of discovery, counsel for the government is open to meeting with defense counsel for purposes of discussing the evidence the government would presently anticipate offering at trial, reserving the right to offer other and/or additional evidence, as well as the location of presently anticipated evidence among the discovery material.

## **MOTION TO CONTINUE**

17. In view of the complexity of this case, and the application of the Speedy Trial Act to multiple defendants joined for trial, the United States respectfully requests the Court to continue the currently scheduled September 16, 2019, trial until a date convenient to the Court. The United States further requests that the Court declare the period of delay excludable from the speedy trial calculation. *See* 18 U.S.C. § 3161(h)(7).

18. As noted above, the Court may continue a trial and exclude the resulting period of delay from the speedy trial calculation, if the Court finds that "the ends of justice served" by doing so "outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court must make specific findings on the record as to an ends-of-justice continuance. *Zedner v. United States*, 547 U.S. 489, 508–09 (2006).

19. One of the factors to consider in making such a determination is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the

existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the statute. 18 U.S.C. §3161(h)(7)(B)(ii). Likewise, a continuance is warranted where it is needed to provide "counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

20. The Court should continue the September 16, 2019 trial date in light of the unusual and complex nature of this nearly 18 month, multi-defendant, national security investigation. The evidence at trial is anticipated to be extensive, including numerous documents, and hours of recordings of interaction between the defendants and other government witnesses. Additionally, the anticipated discovery is voluminous, consisting of currently classified materials, including approximately 150 hours of recordings, results from over 50 subpoenas, multiple search warrants, forensic analysis of numerous electronic devices, and a number of firearms – among other things.

21. In light of all of these circumstances, it is unreasonable to expect adequate preparation for pretrial proceedings or trial itself by the September 16, 2019, trial date, even taking into account the exercise of due diligence, and the government respectfully moves the Court to grant a continuance of that trial date.

## CONCLUSION

22. The government's motion to continue and motion to declare this matter complex are made in good faith and not for the purposes of delay.

23. Indeed, the United States already expended significant time and resources, prior to the indictment in this case, to provide a detailed preview of discovery to the defendants and their lawyers. The government also offers to meet with defense counsel after providing the index to

discuss the anticipated evidence at trial (reserving its rights to introduce other/additional evidence) and point out the location of anticipated evidence in the discovery materials.

24. In sum, the ends of justice outweigh the best interest of the public and the defendants in a trial by September 16, 2019.

25. Undersigned counsel has conferred with counsel for both defendants concerning this motion, and highlighted those discussions for the magistrate judge at the defendants' initial appearance on the indictment. Specifically, on the record of that hearing, William Dazey, counsel for Mahde Dannon, and Mario Garcia, counsel for Moyad Dannon, advised the court that they were aware of the government's intent to file the instant motion and had no objections to the relief sought herein.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court declare the case complex and continue the trial date for a reasonable time to allow for orderly discovery, effective preparation for trial, and any pretrial motions to be filed.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

Date: July26, 2019    By: /s/ Matthew J. Rinka
                         Matthew J. Rinka
                         Assistant United States Attorney
                         Deputy Criminal Chief, National Security Unit
                         United States Attorney's Office
                         Southern District of Indiana

CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, a copy of the foregoing Motion to Declare Case Complex and Continue Trial Date was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

> William H. Dazey, Jr.
> Indiana Federal Community Defenders
> 111 Monument Cir #3200
> Indianapolis, IN 46204
> Tel: (317) 383-3520
> Email: Bill_Dazey@fd.org
>
> *Counsel for Mahde Dannon*
>
> Mario Garcia
> Brattain Minnix Garcia
> One Indiana Square, Suite 2625
> Indianapolis, IN 46204
> Email: mario@bmgindy.com
>
> *Counsel for Moyad Dannon*

      /s/ Matthew J. Rinka
      Matthew J. Rinka
      Assistant United States Attorney