**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | CAUSE NO.   1:19-cr-00229-RLY-DML |
| | ) | |
| | ) | |
| MAHDE DANNON, and | ) | -01 |
| MOYAD DANNON, | ) | -02 |
| | ) | |
| *Defendants*. | ) | |

## ORDER

This matter comes before the Court on the motion of the United States to declare the case complex and continue the trial date set for September 16, 2019.

The Court, having reviewed the motion and finding good cause shown, hereby ORDERS that the trial date set for September 16, 2019, is VACATED and the matter is rescheduled for jury trial to commence on MARCH 23, 2020 at 9:00 a.m. in Room 349.

The delay attributable to the changed trial date shall be excludable from the computations of time pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).   The Court FINDS that the interests of justice as stated in the government's motion are best served by the delay so that both the accused and the United States can receive a fair trial, and those interests outweigh the interests of the public and the defendants in a speedy trial in this case.

The Court FINDS that the complexity of the case makes it unreasonable to expect adequate preparation for pretrial proceedings or for trial itself by a September 16, 2019 trial date, because, among other reasons stated in the motion:

(a)      The Indictment in this matter, as more broadly outlined by the criminal complaint (Dkt. 2), alleges a lengthy, multi-defendant conspiracy to illegally procure, manufacture, and transfer firearms to prohibited persons, and an attempt to provide material support to a foreign terrorist organization, namely ISIS;

(b)      The anticipated evidence at trial is varied and extensive, including electronic communications among alleged co-conspirators and government witnesses, and approximately 150 hours of audio and video recordings that may require pixilation, modulation, and or translation from Arabic, prior to release to defense counsel;

(c)      The discovery also includes responses to over 50 subpoenas, and forensic analysis of multiple electronic devices seized pursuant to search warrants; and

(d)      Presently, the case presents potential novel issues of law and fact, including issues relating to classified information and issues implicating the Classified Information Procedures Act ("CIPA"), codified at 18 U.S.C. App. III, which will require substantial time to resolve.

Additionally, even if the case were not so unusual or complex to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), the Court FINDS that the failure to grant a continuance in this case would deny counsel for the defendants and counsel for the government the necessary for effective preparation taking into account the exercise of due diligence.   *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, if the Court grants the proposed discovery schedule, taking into account due diligence, counsel for the defendants and the defendants need additional time to effectively review discovery materials, prepare for trial, and file any pretrial motions.

SO ORDERED this 9th day of August 2019.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to
Registered Counsel of Record